MARY'S OPINION HEADING 









                NO. 12-06-00342-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

DEANDRE
P. JONES,         §          APPEAL FROM THE 87TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

MAJOR
DEVERY W. MOONEYHAM, 

SGT. KEVIN L. CARLVIN,
SHERRI L.     §          ANDERSON COUNTY, TEXAS

MILLIGAN
AND KAREN J. NORMAN,

APPELLEES 

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM

            This appeal is being dismissed for want of jurisdiction
pursuant to Texas Rule of Appellate Procedure 42.3(a).  The trial court’s judgment was signed on
August 17, 2006.  Under rule of appellate
procedure 26.1(a), unless Appellant timely filed a motion for new trial or
other postjudgment motion that extended the appellate deadlines, his notice of
appeal was due to have been filed “within 30 days after the judgment [was]
signed,” i.e., September 18, 2006. 
Appellant did not file a motion for new trial or other postjudgment
motion that extended the appellate deadlines. 
Moreover, Appellant did not file a motion for extension of time to file
his notice of appeal.  See Tex. R. App. P. 26.3.  Consequently, the time for perfecting
Appellant’s appeal was not extended.  Tex. R. App. P. 26.1(a).  Appellant filed his notice of appeal on
September 28, 2006.  Because the notice
of appeal was not filed on or before September 18, 2006, this Court has no
jurisdiction to consider the appeal.








            On September 28, 2006, this Court notified Appellant
pursuant to Texas Rule of Appellate Procedure 42.3(a) that his notice of appeal
was untimely.  Appellant was further
informed that unless the record was amended on or before October 9, 2006 to
establish the jurisdiction of this Court, the appeal would be dismissed.  In his response to our October 9, 2006
notice, Appellant filed an amended notice of appeal.  However, the amended notice of appeal does
not cure the jurisdictional defect created by Appellant’s untimely filed notice
of appeal.

            Because this Court is not authorized to extend the time
for perfecting an appeal except as provided by Texas Rules of Appellate
Procedure 26.1 and 26.3, we dismiss the appeal for want of jurisdiction. See
Tex. R. App. P. 42.3(a).

Opinion
delivered October 11, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)